## Land Patents

RAYMOND C. MILLER, Deputy Attorney General, and
THOMAS D. MCBRIDE, Attorney General, December 13,
1957.—You ask if you may require an applicant for a
patent to land to secure a favorable decree of court
under the provisions of the Act of April 18, 1905, P. L.
202, 12 PS §§1559 to 1563, before you process the
application in situations where the applicant's abstract
or chain of title demonstrates exclusive record title in
the applicant or his predecessors in title for only 40 or
50 years previous to the date of the application.

You also ask if a patent to land may be legally issued
in a case where the abstract accompanying the appli-
cation does not demonstrate a complete chain of title
into the applicant.

1. A patent to land issues in cases where land is
vacant * or where the patenting process has not been
completed, and it serves to remove land from the pri-
mary title of the Commonwealth. Accordingly, for any
particular piece of land, only one patent ever should
issue. The purpose of requiring an applicant for a
patent to furnish an abstract of title with his appli-
cation is to assist the Commonwealth in determining
whether a patent has been issued previously on the
same land; for if it has, a new one should not be issued.

---

* Black's Law Dictionary (1944) defines "vacant land" as "ab-
solutely free, unclaimed and unoccupied". Pennsylvania decisions
modify this definition to mean that land is vacant and unappro-
priated in the sense that no office rights have been taken out and
completed even though the land actually is occupied by cultivated
fields, etc. See discussion in Hockenberry v. Snyder, 2 W. & S.
240 at 251 (1841); Smith v. Crawford, 1 Yeates 287 (1793); Con-
fair v. Steffey, 6 S. & R. 249 (1820), and the Act of May 3, 1909,
P. L. 413, 64 PS §321.

Your questions, thus, are limited to those situations in which a person has occupied land either through a chain of possession, usually starting with someone who began, but never completed, the patenting process, or adversely to presumed titleholders without a patent having originally issued.

The Act of April 18, 1905, is a statute primarily designed to enable an person who claims either as an occupant, or through predecessors in title, for a period of 21 years and upwards, to require persons claiming the whole or an interest in the title to bring an action of ejectment within six months or forever be barred. Obviously, the decree of court, while quieting title in the applicant as against certain named or unknown persons, would be of little assistance to you in deciding if the land had previously been patented. The proceeding itself may, of course, be helpful in unearthing evidence of the chain of possession and hence assist you to that extent. But even the securing of a favorable decree by an applicant would not entitle him to a patent if the land already had been patented. For these reasons it is our opinion that the Secretary of Internal Affairs should not require an applicant to proceed under the Act of 1905, supra, as a prerequisite to the processing of his application for a patent.

2. In respect to your question as to the issuance of a patent on those lands on which the abstract or chain of title accompanying the application is incomplete, it is within your authority, nevertheless, to grant the patent applied for as long as you, in the exercise of reasonable diligence (including approval of affidavits confirming possession, etc., supplied by applicant), are assured that the applicant is the person to whom the patent should issue and that no other person has been issued a patent for the same land.

It is our opinion, therefore, and you are accordingly advised, as follows:

1. A decree under the provisions of the Act of April 18, 1905, P. L. 202, 12 PS §§1559 to 1563, quieting title to land adversely held for a period of not less than 21 years would be only one factor to be considered in determining the granting of a patent and, if presented, should be supplemented by other record evidences of title extending back to at least the earliest available records in the county where the land is situate.

2. An applicant may not be affirmatively required by the Secretary of Internal Affairs to secure a favorable decree of court under the provisions of the Act of 1905, supra, before the application is processed, since the decree would be no guarantee of the patent being granted and is not necessary for such grant.

3. Even though there may be omissions in the chain of title or abstract furnished by the applicant, you may process the application for favorable recommendation and issuance of the patent as long as you, in the exercise of reasonable diligence, have ascertained that no previous patent has been issued for the same land and the applicant is otherwise eligible.